UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TRINETTE C. PROVSTGAARD                          CIVIL ACTION

VERSUS                                           NO: 11-1496

MICHAEL J. ASTRUE,                               SECTION: R
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

## ORDER

The Court, having reviewed *de novo* the complaint,[1] plaintiff's motion for summary judgment,[2] defendant's motion for summary judgment,[3] the record, the applicable law, the Magistrate Judge's Report and Recommendation,[4] and Provstgaard's objection thereto,[5] hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Provstgaard argues that the Magistrate Judge showed obsequious deference to the Administrative Law Judge (ALJ) that is at odds with the required substantial evidence review. Because she does not oppose the Magistrate Judge's determination that the Commissioner applied the proper legal standard, the Court reviews the ALJ's decision only to determine "whether the decision is

---

[1]    R. Doc. 1.

[2]    R. Doc. 12.

[3]    R. Doc. 13.

[4]    R. Doc. 14.

[5]    R. Doc. 15.

supported by substantial evidence on the record as a whole[.]" *Richard v. Astrue*, 2012 U.S. App. LEXIS 12204, *4 (5th Cir. 2012) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Id.* (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (internal quotation marks and citations omitted)). "'No substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.' *Id.* (quoting *Johnson v. Bowen*, 864 F.2d 340, 343-344 (5th Cir. 1988)).

In this case, the ALJ concluded that "the claimant has severe musculoskeletal problems involving both the cervical and lumbar spines," as verified through radiographic studies.[6] Nevertheless, he determined that Provstgaard was able to function at a light level of exertion, despite the greater limitations described by plaintiff and her treating physician, Dr. Hortman. The ALJ found that Dr. Hortman had given an "exaggerated assessment of function" that was not substantiated even by the medical evidence in his own records. Indeed, Dr. Hortman's records for each of Provstgaard's visits indicate that Provstgaard was ambulatory when she arrived, did not require a

---

[6] R. Doc. 11-2 at 22.

walker or a cane, and was able to perform the activities of daily living.[7] The information is at odds with Dr. Hortman's assessment of plaintiff's total inability to function.[8] Based on this discrepancy and other contrary evidence in the record, *see infra*, the ALJ was justified in according Dr. Hortman's medical opinion diminished weight. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985) ("The ALJ may give less weight to a treating physician's opinion when there is good cause shown to the contrary, as is the case when his statement as to disability is so brief and conclusory that it lacks strong persuasive weight ... or is otherwise unsupported by the evidence.") (internal quotation marks omitted); *see also id.* ("The ALJ may also reject a treating physician's opinion if he finds, with support in the record, that the physician is not credible and is leaning over backwards to support the application for disability benefits.") (internal quotation marks omitted).

The ALJ also based his conclusion on plaintiff's hearing testimony. Provstgaard testified, *inter alia*, that she could not sit for more than 10 minutes without standing, nor should she stand for more than 10 minutes without sitting. She was unable to walk even a block without experiencing significant pain. If she tried to squat, she could not then rise back up. She experienced

---

[7]   R. Doc. 11-7 at 42, 45, 47; 11-8 at 7, 10, 11, 14.

[8]   R. Doc. 11-10 at 6-8.

tingling and numbness in her arm and legs. She received some temporary relief from her back pain with medication and hot baths, but physical therapy made the pain worse. Because of the pain, she had difficulty doing household chores, but she was able to cook some, fold clothes (a few items at a time), and do the dishes (although her son often helped). She could make her bed with some difficulty, feed the pets, and perform light cleaning. Although she did not drive, she would accompany her husband on trips to the grocery store and remain with the car while he shopped.[9] Based on the testimony, the ALJ concluded that the plaintiff "is capable of engaging in household chores and sitting for prolonged periods of time[.]"[10]

Plaintiff calls the ALJ's synthesis of plaintiff's testimony an "absurd mischaracterization."[11] It is true that plaintiff testified that she performed certain chores only with great difficulty, and did not mention the duration of time during which she would wait in the car while her husband shopped. But it is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and that determination is entitled to considerable deference. *Jenkins v. Astrue*, 250 Fed. Appx. 645, 647 (5th Cir. 2007); *Chambliss v. Massanari*, 269 F.3d 520, 522

---

[9]   R. Doc. 11-2 at 32-44.

[10]  R. Doc. 11-2 at 22.

[11]  R. Doc. 15 at 4.

(5th Cir. 2001). The ALJ was entitled to find, based on the plaintiff's testimony, that she was not as functionally limited as she contended. *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (concluding that the ALJ was "well-founded" in its determination that claimant's complaints were exaggerated, when the "evidence demonstrated that, while Falco undoubtedly experienced some pain, he was able to spend a great deal of time watching television or dining with friends" – activities inconsistent with his assertion that he could spend no more than 15-20 minutes sitting at a time); *Griego v. Sullivan*, 940 F.2d 942, 944-45 (5th Cir. 1991) (finding that it was within the ALJ's discretion to discount claimant's complaints of pain based on medical reports combined with her daily activities and her decision to forego certain medications). In any event, it is not for this Court to "reweigh the evidence, try the case *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision." *Luckey v. Astrue*, 458 Fed. Appx. 322, 324 (5th Cir. 2011) (internal quotation marks omitted).

Plaintiff also contests other elements of the Magistrate's Report. She contends that the Magistrate failed to summarize and analyze the objective clinical findings, both of Dr. Hortman and of her other doctors. The argument is without merit. First, the Magistrate *did* provide a summary of most objective medical

findings in the record,[12] and her omission of evidence further corroborating the ALJ's determination that Provstgaard suffered from musculoskeletel problems is not in error. A court must consider the record in its entirety to determine the reasonableness of the ALJ's decision and whether substantial evidence supports it. But in demanding a written analysis as to every item in the record, plaintiff effectively seeks an evidentiary reweighing that is beyond the scope of what "substantial evidence" review requires.

Furthermore, objective medical findings of impairment are themselves insufficient to establish plaintiff's entitlement to disability benefits. *Bordelon v. Astrue*, 281 Fed. Appx. 418, 421 (5th Cir. 2008) (citing *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983)); *McLendon v. Barnhart*, 184 Fed. Appx. 430, 431 (5th Cir. 2006). Rather, a plaintiff "'must show that she was so functionally impaired ... that she was precluded from engaging in [] substantial gainful activity.'" *Bordelon*, 281 Fed. Appx. at 421 (quoting *Hames*, 707 F.2d at 165). Here, although the ALJ determined, based on the objective findings of examining and treating physicians, that plaintiff suffered from severe musculoskeletel problems, he concluded that "the intensity, severity, and persistence as well as the functionally limiting effects of the alleged limitations, are disproportionate to that

---

[12]   R. Doc. 14 at 7-9.

expected for the established [impairment]."[13] Plaintiff's demand of a more thorough analysis of all objective record evidence does not speak to the ALJ's reasons for doubting plaintiff's inability to perform any work – inconsistencies in plaintiff's testimony, and lacking substantiation for Dr. Hortman's claims. Thus, explicit analysis and synthesis of every medical test finding tenderness, muscle spasms, decreased range of motion, decreased sensation, and other indicia of impairment would not undercut the ALJ's conclusion.

Among the other evidence supporting the ALJ's conclusion is examining physician Dr. Dijamco's suspicion of plaintiff's cooperation in range of movement measurements.[14] Plaintiff contends that the Court may not rely on Dr. Dijamco's opinion since the ALJ did not specifically count the opinion among his reasons for rejecting Dr. Hortman's conclusions about functional limitations. Plaintiff relies on *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000), for the proposition that "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Id.* at 455.

Plaintiff's argument fails for a few reasons. First, the ALJ *did* discuss Dr. Dijamco's suspicion about plaintiff's

---

[13]   R. Doc. 11-2 at 22.

[14]   R. Doc. 11-7 at 52.

cooperation.[15] That he did not describe the evidence a second time when giving reasons for finding that Dr. Hortman offered an exaggerated assessment of function does not imply that the ALJ did not factor in the evidence. This is especially true when the ALJ noted that his conclusions regarding functional limitations were based "on the objective evidence available and the totality of the record as a whole."[16] Anyway, the Fifth Circuit has rejected the "rigid approach" the plaintiff advocates. *Falco*, 27 F.3d at 163 (rejecting as "unnecessary" a rule requiring an ALJ to articulate specifically the evidence that supported his decision and discuss the evidence that was rejected).

Moreover, this Court is to consider the record *in its entirety* in its search for substantial evidence supporting the ALJ's conclusions. *Perez*, 415 F.3d at 461. While the Court may not affirm the ALJ on grounds upon which he did not rely, *Newton* does not preclude the Court from considering credible evidence that supports the conclusion reached by the ALJ (that functional limitations were not as severe as plaintiff and Dr. Hortman suggested). *Cf. Richard*, 2012 U.S. App. LEXIS 12204, at *9-13 (finding ALJ's "terse" statement that the claimant "was able to function in school and play age appropriately" sufficient to reject doctor's opinion when evidence in the record substantiated

---

[15]    R. Doc. 11-2 at 21.

[16]    R. Doc. 11-2 at 22.

the ALJ's conclusion).[17]

Finally, plaintiff cites *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000), for the proposition that the ALJ was not permitted to make a medical judgment regarding the ability or inability of plaintiff to engage in gainful activity when the inference was not supported by clinical findings. In *Loza,* the court was addressing the ALJ's failure even to consider a determination by the claimant's treating physician, supported by four other physicians, that the claimant could not return to full employment. *Id.* at 395. Here, however, Hortman was the only physician to opine that Provstgaard was unable to perform the tasks required for light work, and the ALJ discussed Dr. Hortman's opinions and explained his reasons for affording them less weight. The ALJ then reached his conclusion by considering the objective evidence, plaintiff's testimony (including her contradictions), and the medical findings and opinions of other physicians. This record evidence supported the ALJ's conclusion that functional limitations did not impair plaintiff's ability to perform light work. *Loza* is inapposite.

ACCORDINGLY,

Defendant's motion for summary judgment is GRANTED.

---

[17] Further, it was not inconsistent for the ALJ to give minimal weight to Dr. Dijamco's ultimate opinion about plaintiff's functional limitations while at the same time crediting Dr. Dijamco's *finding* that plaintiff was cooperating during the range of motion tests.

Provstgaard's motion for summary judgment is DENIED and her petition for review of the final decision of the Commissioner of the Social Security Administration is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 3rd day of August, 2012.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE